**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

IN RE: THERESA HASSETT,                                Case No. 05-43337-DOT

      Debtor.                                                    Chapter 7

## MEMORANDUM OPINION AND ORDER

Hearing was held April 26, 2006, on debtor's motion to reopen her case. The court, acting on limited information, granted debtor's motion from the bench. After a careful review of the case file, and for the reasons stated below, the court will grant debtor's motion conditioned upon debtor filing and properly noticing for hearing the appropriate motion to extend time for filing the certificate of financial management.

Findings of Fact.

Debtor filed for relief under chapter 7 of the Bankruptcy Code on November 22, 2005. On November 25, 2005, the clerk's office notified debtor that her § 341 meeting of creditors was scheduled for December 14, 2005. Simultaneously, debtor was notified that pursuant to Federal Rule of Bankruptcy Procedure 1007(b)(7), debtor would be required to file with the court a financial management certification on Official Form 23 within 45 days of the first date set for the § 341 meeting in order to receive a discharge.[1] The OF 23 was never filed. The chapter 7 trustee filed his report of no distribution on December 22, 2005, and debtor's case was closed without

---

[1] The notice, entitled "Notice of Requirement to File Certification of Completion of Course in Personal Financial Management," clearly states that "[f]ailure to file the certification will result in the case being closed without an entry of discharge." It then states that "[i]f the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Official Form 23, the debtor(s) must pay the full reopening fee due for filing the motion." The court notes this language may mislead the debtor or his counsel to believe that if the court were to grant a motion to reopen, the debtor could file the OF23 and receive a discharge. The plain language of the law, however, does not allow for this. The court holds a debtor and/or his counsel responsible for reading and understanding the law, despite any potentially misleading language to the contrary. As stated in this opinion, a debtor who has not filed the OF23 within the time limit can receive a discharge only when the court grants a motion for extension of time.

1

discharge on March 6, 2006. Debtor filed a motion to reopen her case, accompanied by the required filing fee, on March 29, 2006. Hearing was held on the motion April 26, 2006, and upon the granting of the motion, debtor filed the certification of completion of financial management course on Official Form 23. Debtor now seeks her discharge.

Conclusions of Law.

The Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8 (2005), added §§ 727(a)(11) and 1329(g)(1) to the Bankruptcy Code, directing the court to deny the discharge to a debtor who, after filing the petition, failed to complete a course in personal financial management. Federal Rule of Bankruptcy Procedure 1007 instructs the court that pursuant to these Code sections, "[a]n individual debtor in a chapter 7 or chapter 13 case shall file a statement regarding completion of a course in personal financial management, prepared as prescribed by the appropriate Official Form."[2] Fed R. Bankr. P. 1007(b)(7) (2006). The time limit to file this statement is "45 days after the first date set for the meeting of creditors under § 341 of the Code in a chapter 7 case, and no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge under § 1328(b) in a chapter 13 case." 1007(c). Rule 1007(c) further provides that an extension of time to file this certificate may be granted "only on motion for cause shown and on notice to the United States trustee and to any committee elected … , trustee, examiner, or other party as the court may direct."

In the present case, debtor had 45 days from the date first set for her § 341 meeting of creditors, or until January 28, 2006, to file Official Form 23. Debtor did not file OF 23 by that date, nor did she file it by the bar date for objection to discharge. In fact, as alleged in debtor's motion to reopen case, debtor did not complete the debtor education course until March 13,

---

[2] Official Form 23 is the national "appropriate Official Form" referred to by the Rule.

2006. At no time during the pendency of the case did debtor file a motion to extend time to file OF 23. Moreover, debtor's motion to reopen states that "debtor inadvertently failed to complete Debtor's Education Course prior to time for discharge." The motion omitted reference to the time limitation and stated only that debtor failed to complete the exit counseling "prior to time for discharge." The court is therefore not inclined to treat debtor's motion to reopen as a motion to extend time.

Given the newness of the law and the circumstances involved in this case, the court will grant debtor's motion to reopen, conditioned upon her filing and properly noticing for hearing the required motion to extend time to file a certificate of financial management.[3] The court will then consider the merits of the motion, and if granted, debtor will receive her discharge. Accordingly,

**IT IS ORDERED** that debtor's motion to reopen her case is **GRANTED**; and

**IT IS FURTHER ORDERED** that debtor must promptly file and properly notice for hearing a motion to extend time for filing OF 23.

Signed_____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**Copies to:**

Theresa Hassett
5713 Castlebridge Road
Fredericksburg, VA 22407-0000
*Debtor*

---

[3] See Fed. R. Bankr. P. 1007(c).

3

Corey LuTrell Poindexter
Law Offices of Owaiian M. Jones
P.O. Box 8320
Fredericksburg, VA 22404
*Counsel for Debtor*

Bruce E. Robinson
P.O. Box 538
South Hill, VA 23970-0538
*Chapter 7 Trustee*